# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PATTY PLANK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:18-CV-726 NAB |
| ST. ANTHONY'S MEDICAL CENTER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER[1]

This matter is before the Court on Defendants' Motion to Dismiss or in the Alternative to Stay the Proceedings. [Doc. 5.] Plaintiff filed a response in opposition. [Doc. 7.] The motion is now fully briefed. Based on the following, the Court will deny Defendants' Motion to Dismiss and deny the alternative Motion to Stay.

### I. Plaintiff's Complaint

Plaintiff Patty Plank brought this action against Defendants St. Anthony's Medical Center and HLO Collection Services, LLC alleging that Defendant HLO Collection Services, LLC ("HLO") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d) ("FDCPA"), by attempting to collecting a debt while she, the debtor, was enrolled in bankruptcy protection. Compl. ¶¶ 1-19. Plank alleges that the dunning letter seeking to collect the medical debt was sent on or about October 31, 2017. Plank also alleges that Defendants HLO and St. Anthony's Medical Center ("SMC") violated the Missouri Merchandising Practices Act by engaging in conduct that harassed, oppressed, or abused her and used false, deceptive, or misleading representation or means in debt collection of an amount not authorized by law or agreement.

---
[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Compl. ¶¶ 20-21. Finally, Plank alleges that Defendant SMC failed to properly supervise Defendant HLO and their failure to supervise caused damage to her. Compl. ¶¶ 23-26. Plaintiff alleges that she filed for bankruptcy protection in September 2017. Compl. ¶ 10. The parties' pleadings implied that Plaintiff's bankruptcy case was closed, but do not explicitly make that allegation. The Court confirmed through Pacer, the federal court case filing and record system, that Plaintiff's bankruptcy case was discharged on January 3, 2018 and closed on January 18, 2018. The Court takes judicial notice of this fact.

Defendants filed a motion to dismiss asserting that this court does not have jurisdiction in this action, because Plank is alleging that Defendants violated a bankruptcy stay order and the appropriate jurisdiction is the bankruptcy court where the stay order was issued.

## II.    Motion to Dismiss Standard

A defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds for entitlement to relief [as required in Fed. R. Civ. P 8(a)] require more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do.

*Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Also, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

**III.    Discussion**

There is a split in the federal circuit courts regarding whether and when the Bankruptcy Code precludes FDCPA claims arising from debt collection during bankruptcy proceedings. *See Simon v. FIA Card Servs.*, 732 F.3d 259 (3d 2013), *Simmons v. Roundup Funding, LLC*, 622 F. 92 (2d Cir. 2010), *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), *Walls v. Wells Fargo Bank*, 276 F.3d 502 (9th Cir. 2002). The Eighth Circuit has not decided the issue. Although the Motion to Dismiss was filed on behalf of both defendants, the FDCPA claim is only against HLO. After considering the cases, including the district court cases in our Circuit that have addressed the issue, the Court finds that Plaintiff's action can proceed.

The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors. *Dunham v. Portfolio Recovery Associates*, 663 F.3d 997, 1000 (8th Cir. 2011). Debt collectors are liable for failure to comply with any provision of the Act. *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir. 2006) (quoting 15 U.S.C. § 1692k(a)). A central purpose of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, is "to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy a new opportunity in life with a clear field for further effort, unhampered by the pressure and discouragement of preexisting debt." *Grogan v. Garner*, 498 U.S. 279, 286 (1991). During bankruptcy all efforts to collect on a debt are "stayed" during the pendency of the bankruptcy proceeding. 11 U.S.C.

§ 362(a). Under the Bankruptcy Code, if a creditor violates the provisions of the automatic stay, the debtor may seek a contempt proceeding in bankruptcy court. 11 U.S.C. § 105.

In this case, Plank alleges that HLO violated the FDCPA by engaging in conduct to harass, oppress, or abuse her, used false, deceptive, or misleading representation or means in collection of a debt, and took action that cannot legally cannot be taken by attempting to collect a debt enrolled in bankruptcy protection. Specifically, Plank alleges that she filed for bankruptcy protection in September 2017 and HLO sent a dunning letter to Plank in an attempt to collect a medical debt owed to SMC. HLO seeks to dismiss Plank's complaint, because it states that the court lacks jurisdiction and Plank's claim must be brought in bankruptcy court as a violation of the automatic stay and not under the FDCPA.

"No statutory provision expressly indicates that FDCPA claims cannot arise from the filing of a claim in bankruptcy." *Carranza v. Midland Funding, LLC*, No. 4:15-CV-559 CEJ, 2015 WL5008462 at *3 (E.D. Mo. Aug. 20, 2015). While a later enacted statute, in this case the Bankruptcy Code, can sometimes operate to amend or even repeal earlier statutory provisions, the repeal of statutes by implication is not favored. *National Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 662 (2007). "A new statute will not be read as wholly or even partially amending a prior one unless there exists a 'positive repugnancy' between the provisions of the new and those of the old that cannot be reconciled." *In re American River Transp. Co.*, 800 F.3d 428, 433 (8th Cir. 2015) (citing *Blanchette v. Connecticut Gen. Ins. Corp.*, 419 U.S. 102, 134 (1974)). "Where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one." *American River*, 419 U.S. at 433. "When two statutes are capable of coexistence, however, it is the duty of the courts, absent an clearly expressed congressional intention to the contrary, to regard each as

effective." *Id.* "The rule is to give effect to both if possible." *Id.* A statute "dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum." *Home Builders*, 551 U.S. at 663.

The Court finds that the Bankruptcy Code and the FDCPA do not irreconcilably conflict with each other so as to repeal the FDCPA by implication. Debt collectors can comply with each statute simultaneously. *Randolph*, 368 F.3d 730. "When, as here, FDCPA claims arise from communications a debt collector sends a bankruptcy debtor in a pending bankruptcy proceeding, and the communications are alleged to violate the Bankruptcy Code or Rules, there is no categorical preclusion of the FDCPA claims." *Simon*, 732 F.3d at 274. "[T]he statutes offer different sanctions, and Plaintiff chose the statute that ostensibly provides her with the best remedy." *Drnavich v. Cavalry Portfolio Service, LLC*, No. Civ. 05-1022 PAMRLE, 2005 WL 2406030 at *2 (M.D. La. Sept. 29, 2005).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or alternative Motion to Stay Proceedings is **DENIED**. [Doc. 5.]

**IT IS FURTHER ORDERED** that an Order Setting Rule 16 Conference will be filed contemporaneously with this Memorandum and Order.

Dated this 29th day of January, 2019.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE